## LOUIS S. SILVERMAN, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted January 30, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Henry H. Fryling.*

For the respondent, *Isaac W. Seiler.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up a judgment of the District Court of the city of Bayonne in favor of the plaintiff for personal injuries and damage to his automobile by collision with a trolley car of the defendant. The cause of action arose on September 12th, 1925. The summons was issued

and tested September 13th, 1927, and was served September 14th, 1927. The plaintiff sought to show that the attorney for plaintiff prepared the summons and took it to the office of the clerk of the District Court of the city of Bayonne on September 9th, 1927, and delivered it to the clerk with the remark that he "take care of it." The plaintiff insists that the preparation and delivery to the clerk of the summons on September 9th is to be taken as the time of issue. This would be true in the common law courts, but the District Court act, section 55, provides that "all precepts, summons, warrants, writs and other process of said District Courts shall issue under the seal thereof, and shall be tested the day on which they are respectively issued in the name of the judge and signed by the clerk thereof."

In *Whitaker* v. *Turnbull*, 18 *N. J. L.* 172, the rule is stated as follows: "A suit is actually commenced, as soon as the writ is sealed and issued out of the office, in good faith, for the purpose of being served, or proceeded on; and that purpose is not afterwards abandoned." Section 47 of the Practice act provides that every process shall bear date on the day on which the same shall be issued. Inasmuch as the District Court act specifically provides that the summons shall be tested the day on which it is signed by the clerk, the summons was not issued until signed by the clerk in the name of the judge on the 13th day of September, 1927, which was without the two-year period within which a suit to recover damages for personal injuries might be brought.

The judgment is reversed.